**[No. 3817.]**

ANDERSON v. GROESBECK ET AL.

JURISDICTION.

The appellant and the appellees each claimed to be interested in the amount due on a life insurance policy, the insurance company deposited the amount due in court and obtained an order requiring them to interplead. Judgment was rendered that the appellees were entitled to $4,000 of the sum so deposited. *Held*, that the judgment is reviewable in this court on appeal.

*Appeal from the District Court of Arapahoe County.*

On motion to dismiss.

Mr. JOSEPH N. BAXTER and Mr. JOHN C. FITMAN, for the motion.

Mr. WM. B. HARRISON, opposing.

PER CURIAM. Thomas E. Anderson carried a life insurance policy in the sum of $5,000 in The Covenant Mutual Association of Illinois. Upon his death the appellant and the appellees made claim against the association for that fund; the appellant to the whole of it, and the appellees to $4,000 thereof. To recover the amount claimed by them the appellees brought this action against the insurer, and the latter filed its answer acknowledging its liability to pay the amount of the policy to some one, and inasmuch as both the appellant and the appellees claimed under this policy, it asked for orders of the court making appellant a party, and permitting it to pay the entire fund into court, which orders were granted, and the money was deposited in the court registry. Thereupon it submitted to the decision of the court the question—now solely between appellant and appellees—as to who was entitled to the fund, and was then dismissed as a party to the action. As the appellees admitted that the appellant was entitled to $1,000 of the amount, the same was paid to her under an order of the court.

The only issue, therefore, was between appellees and appellant as to the ownership of the remaining $4,000 of the fund, and upon trial had, this was ruled in favor of appellees. The form of the judgment was as follows: "It is ordered, adjudged and decreed by the court here that judgment be entered in favor of said plaintiffs (the appellees) for the said sum of four thousand dollars, now in the registry of this court, and that said Helen Anderson (appellant) is not entitled to any part thereof." From this judgment the appellant brings the case here for review. The appellees now move to dismiss the appeal upon the ground that no money judgment was rendered against the appellant, and that there is no other element in the case that gives this court jurisdiction under the act relating to appeals and writs of error.

There is no merit in the contention of appellees. The only controversy in the district court was about the right to

a fund of $4,000 which was then in the registry of the court. The judgment could not go against the insurer, because it had deposited that fund in court and was no longer a party to the action. The judgment, in terms, was in favor of the appellees for the $4,000, and to the further effect that the appellant was not entitled to any part of it. Unless this is, in its essence, a judgment against the appellant, and to the effect that not she, but appellees, are entitled to the $4,000, we are at a loss to determine what it is. The direct effect is to take $4,000 from the appellant, and give it to her adversaries, and in substance and fact it is a judgment against her for $4,000. This gives this court jurisdiction to review the case upon appeal.

In the case of *Love v. Clune, ante,* p. 237, lately decided in this court, the fund there paid into court was $3,000, and, with this exception, that case, in so far as the question now before us is concerned, is exactly in point with the one at bar. It is true that the question of jurisdiction was not raised in that case by the appellee, but consent of parties could not confer appellate jurisdiction; and while the point was not expressly mentioned in the opinion, it was duly considered, and this court then had no doubt, and now has none, that the judgment there reviewed was one against the appellant, and of sufficient amount to give this court jurisdiction upon appeal. If so, the present appeal is properly here.

The motion is denied.

*Motion to dismiss denied.*